IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| B.W., a minor child by and through Fiona Williams, his mother and next friend, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:13cv767-MHT (WO) |
| HUFF MANAGEMENT CO., INC., d/b/a Stoneridge Villas, a domestic corporation, | ) ) ) ) | |
| Defendant. | ) | |

OPINION AND ORDER

Plaintiff B.W., through his mother Fiona Williams, originally brought this lawsuit in state court charging defendant Huff Management Company, Inc. with negligence and negligence per se. Specifically, the complaint alleged that B.W. had been poisoned by lead paint in a Huff Management apartment which his mother had leased. The complaint alleged that the management company's precautions and remedial measures with regard to lead paint fell short of general duties of care and specific

standards provided in the federal Residential Lead-Based Paint Hazard Reduction Act, 42 U.S.C. § 4851 et seq., and its implementing regulations.  Huff Management removed this lawsuit from state to federal court under 28 U.S.C. §§ 1331, 1441, on the ground that B.W.'s state-law claims raised questions of federal law.  This lawsuit is now before the court on B.W.'s motion to remand.  For reasons that follow, the motion will be granted.

Section 1441(a) provides, with exceptions not relevant here, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1447(c) provides, however, that, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  In this case, the propriety of removal turns on whether the

case falls within the original "federal question" jurisdiction of this court.  Section 1331 provides that, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

The United States Supreme Court has explained that, "Since the first version of § 1331 was enacted, Act of Mar. 3, 1875, ch. 137, § 1, 18 Stat. 470, the statutory phrase 'arising under the Constitution, laws, or treaties of the United States' has resisted all attempts to frame a single, precise definition for determining which cases fall within, and which cases fall outside, the original jurisdiction of the district court."  Franchise Tax Bd. v. Const. Laborers Vac. Trust, 463 U.S. 1, 8 (1983). "Especially when considered in light of § 1441's removal jurisdiction," the Court continued, "the phrase 'arising under' masks a welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system." Id.

In <u>Merrell Dow Pharmaceuticals Inc. V. Thompson</u>, 478 U.S. 804 (1986), the Supreme Court specifically addressed the balance of federal and state judicial authority as it relates to a negligence per se claim invoking federal law. "[A] complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim arising under the Constitution, laws, or treaties of the United States." <u>Id</u>. at 817 (internal quotation marks removed).

It is not clear that B.W. would have a private cause of action under the Residential Lead-Based Paint Hazard Reduction Act. The statute provides that, "Any person who knowingly violates the provisions of this section shall be jointly and severally liable to the <u>purchaser or lessee</u> in amount equal to 3 times the amount of damages incurred by such individual." 42 U.S.C. § 4852d(b)(3) (emphasis added). B.W. did not lease the apartment at

issue; his mother did. Several Circuit Courts of Appeals have disagreed as to whether the statute allows a child of a lessee or purchaser, like B.W., to sue. The First and Sixth Circuit Courts held that it does not: <u>Roberts v. Hamer</u>, 655 F.3d 578, 581 (6th Cir. 2011) and <u>Mason ex rel. Heiser v. Morrisette</u>, 403 F.3d 28, 28 (1st Cir. 2005). The Third Circuit Court, on the other hand, held that a child a lessee does have statutory standing to sue under the statute: <u>Cudjoe ex rel. Cudjoe v. Dept. of Veterans Affairs</u>, 426 F.3d 241, 250 (3d Cir. 2005). The Eleventh Circuit Court of Appeals has not yet addressed the issue.

"[R]emoval statutes should be construed narrowly, with doubts resolved against removal." <u>Allen v. Christenberry</u>, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing <u>Diaz v. Sheppard</u>, 85 F.3d 1502, 1505 (11th Cir. 1996)). The <u>Roberts</u> and <u>Mason</u> cases create doubt about whether B.W.'s case is properly removable, and that doubt is sufficient to justify remand.

\* \* \*

Accordingly, for the above reasons, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff B.W.'s motion to remand (Doc. No. 9) is granted and that, pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Bullock County, Alabama, for lack of subject-matter jurisdiction.

It is further ORDERED that any other outstanding motion is left for resolution by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

This case is closed in this court.

DONE, this the 11th day of December, 2013.

                                        /s/ Myron H. Thompson
                                    UNITED STATES DISTRICT JUDGE